UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDWARD A. FITZPATRICK,

   Plaintiff,

v.               Case No. 18-cv-541-pp

MILWAUKEE SCHOOL OF ENGINEERING,

   Defendant.

---

**ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (DKT. NO. 56), ADJOURNING TRIAL AND SUSPENDING DEADLINES PENDING RESOLUTION OF SUMMARY JUDGMENT MOTION**

---

  On July 5, 2019, the parties filed a joint motion to modify the August 7, 2018 scheduling order. Dkt. No. 56. The parties ask to adjust the deadlines for filing their motions *in limine*, deposition designations, proposed jury instructions, proposed verdict forms, and/or Rule 26(a)(3) submissions from the previously scheduled deadline of July 8, 2019 to September 6, 2019. Id. at 1. They are waiting for the court to rule on the defendant's motion to add counterclaim, dkt. no. 25; defendant's motion for summary judgment, dkt. no. 29; and plaintiff's motion for sanctions; its rulings will impact their pretrial filings. Dkt. No. 44. The defendant filed its motion to add counterclaim and motion for summary judgment at the end of April 2019; those motions were fully briefed a little over one month ago, on June 12, 2019. The plaintiff filed his motion for sanctions on June 10, 2019; the parties completed briefing on that motion on July 9, 2019.

1

The court may amend a scheduling order for good cause. Fed. R. Civ. P. 16(a)(4). The court finds good cause for suspending the parties' deadlines until the court issues its rulings on the pending motions. The parties correctly forecast that the pretrial filings will be impacted by the rulings on the pending motions, and there is no point in the parties filing pretrial documents without knowing whether any claims will proceed to trial, or which ones. The court will suspend the deadlines for filing the pretrial materials pending its ruling on the pending motions. The court declines to simply bump back the deadline (as requested in the motion) because with its heavy caseload, the court cannot guarantee that it will be able to issue a ruling on the summary judgment motion by September of 2019.

The August 7, 2018 scheduling order calendared trial for October 21, 2019. Dkt. No. 14. Since then, the court has had to schedule a two-week criminal trial starting October 21, 2019. By October 21, 2019, the criminal case will have been pending for three years and ten months. The court set the trial date for this civil case at the Rule 16 scheduling conference, only four months after the plaintiff filed the complaint. The trial in the criminal case must take precedence over the trial in this "younger" civil case. The court must adjourn the October 21, 2019 trial date. Once the court rules on the summary judgment motion, it will confer with the parties about a new trial date, if necessary.

The court **GRANTS** the parties' joint motion to modify the August 7, 2018 scheduling order. Dkt. No. 56.

The court **SUSPENDS** the parties' deadlines for filing motions *in limine*, deposition designations, jury instructions, verdict forms, or Rule 26(a)(3) submissions and **SUSPENDS** the deadline for filing a final pre-trial report until the court resolves the pending motion for sanctions, motion to add counterclaim, and motion for summary judgment.

The court **REMOVES** the October 3, 2019 final pretrial conference and October 21, 2019 trial dates from the hearing calendar.

Dated in Milwaukee, Wisconsin this 22nd day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**