UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDWARD A FITZPATRICK, III,

        Plaintiff,

  v.                                    Case No. 18-cv-541-pp

MILWAUKEE SCHOOL OF ENGINEERING,

        Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR LEAVE TO SEAL EXHIBITS TO DECLARATION OF DENISE GREATHOUSE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (DKT. NO. 32); DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO SEAL EXHIBITS TO DECLARATION OF ALAN OLSON IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (DKT. NO. 41); DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR LEAVE TO SEAL EXHIBITS TO SUPPLEMENTAL DECLARATION OF DENISE GREATHOUSE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (DKT. NO. 50); GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEAL (DKT. NO. 52); AND INSTRUCTING CLERK OF COURT TO DEFER DISCLOSING EXHIBITS FOR TWENTY-ONE (21) DAYS TO GIVE PARTIES OPPORTUNITY TO PROVIDE SUFFICIENT FACTS TO SHOW GOOD CAUSE TO RESTRICT**

---

The parties have filed four motions to restrict exhibits or pleadings. The defendant has filed a motion to restrict twenty-nine exhibits which it claims are exhibits to the declaration of Denise Greathouse in support of the defendant's motion for summary judgment. Dkt. No. 32. The plaintiff has asked to restrict thirty documents attached to the declaration of Alan Olson in support of the plaintiff's brief in opposition to the motion for summary judgment. Dkt. No. 41. The defendant has asked to restrict three exhibits to Denise Greathouse's supplemental declaration in support of its motion for summary judgment. Dkt.

1

No. 50. Finally, the defendant has moved to restrict portions of its brief in opposition to the plaintiff's motion for Rule 11 sanctions and two exhibits to Denise Greathouse's declaration in support of that opposition brief. Dkt. No. 52.

General Local Rule 79(d) governs procedures for motions to restrict. The rule requires the motion to describe "the general nature of the information withheld from the public record." It requires that, to the extent possible, the movant should file "a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request." The motion must be supported by "sufficient facts demonstrating good cause for withholding the document or material from the public record." General L.R. 79(d)(3). If the movant is not the party who designated the material confidential, the movant may "explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and that the filing party supports, objects to, or takes no position on the continued sealing of the documents or materials." In response, the party that originally designated the material confidential may, if it chooses to do so, provide facts showing good cause to continue the restriction. If neither party provides "a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials," the court "must" deny the motion. Finally, section (d)(4) requires the movant to include in its motion "a certification that the parties have conferred in a good

2

faith attempt to avoid the motion or to limit the scope of the documents or materials subject to sealing under the motion."

"The Seventh Circuit has emphasized that 'the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.' *Citizens First Nat's Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)." Roumann Consulting, Inc. v. T.V. John & Son, Inc., No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019). A party may override this interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Id.

In Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit explained that

> [a] few weeks ago a single judge of this court, serving as motions judge for the week, received and denied a joint motion to maintain documents under seal. The motion was generic: it related that the parties had agreed on secrecy, that the documents contained commercially sensitive information, and so on, but omitted details. What is more, the motion did not attempt to separate genuinely secret documents from others in the same box or folder that could be released without risk. The motion was patterned on the sort of broad secrecy agreement that often accompanies discovery in order to expedite that process by avoiding document-by-document analysis. Secrecy is fine at the discovery stage, before the material enters the judicial record. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 . . . (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.

Id. at 545. The court went on to explain that the parties had made "no effort to justify the claim of secrecy," simply asserting it on the ground that the documents to be sealed were commercial documents. Id. at 546. The court

3

stated, "[t]hat won't do." Id. The court allowed the parties to amend their motion to seal, but stated that it would "in the future deny outright any motion . . . that does not analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Id. at 548.

The Baxter court also noted that there were "very few categories of documents" that could be "kept confidential once their bearing on the merits of a suit has been revealed." Id. at 546. The court held that "[i]n civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal." Id. (citations omitted). The court noted that "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." Id. at 548.

Since then, the court has affirmed that it would not seal documents "simply because the parties had agreed to do so among themselves because that practice deprives the public of material information about the judicial process." United State v. Sanford-Brown, Ltd., 788 F.3d 696, 713 (7th Cir. 2015) (vacated on other grounds, United States ex rel. Nelson v. Sanford-Brown, Ltd., 136 S. Ct. 2506 (2016)).

Unsupported mentions of "trade secrets" and confidential client names or information will not suffice. In Formax Inc. v. Alkar-Rapidpak-MP Equipment,

4

Inc., No. 11-C-0298, 2014 WL 792086, at *1 (E.D. Wis. Feb. 25, 2014), Judge Griesbach discussed the issues with these sorts of unsupported assertions. He explained:

> Motions to seal are becoming increasingly common and occupy an increasing portion of the court's time. In litigation involving businesses especially, it is common for one or both parties to request entry of a protective order to govern the handing [sic] information they may be obligated to disclose in discovery that the disclosing party believes could damage its business if the information is disclosed to the wider general public, including their competitors. The typical protective order requested by the parties allows the disclosing party to designate such information "confidential" and thereby create a duty on the part of the receiving party to avoid any further disclosure of the information than is necessary to conduct the litigation. The benefit of such an order is that it increases a party's willingness to respond to discovery requests without involving the court on closer questions because of fear that providing information that is not directly relevant may cause injury to their businesses. The difficulty arises when one of the parties decides to include information from a document designated "confidential" as part of a court filing. The standard protective order states that if information from a document designated "confidential" by another party is filed with the court, it must be sealed. Filing documents under seal, however, conflicts with the general rule that litigation in the courts of the United States is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

Id.

Judge Griesbach went on to explain that it is "not enough to simply assert that disclosure would place a party at a competitive disadvantage." Id. at 2. While acknowledging that documents "containing highly sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal," he explained that "not all pricing information or customer lists are entitled to protection." Id. at 3. He found that "[a]bsent further explanation, the

5

fact that documents contain such information does not constitute good cause for sealing them." Id.

The court begins by noting that no party has filed a motion asking the court to enter a protective order, although Civil Local Rule 26(e) allows them to do so and the court has a sample protective order in its local rules. https://www.wied.uscourts.gov/sites/wied/files/documents/Local Rules 2010-0201-Amended 2019-0903.3.pdf. It appears that they contemplated doing so. Counsel for the plaintiff filed a declaration on May 30, 2019, dkt. no. 43; he attached to that declaration a document titled "Confidentiality Stipulation, Protective Order and Clawback Agreement." Dkt. No. 43-1. The document purports to be both a stipulation and an order from the undersigned, but only counsel for the plaintiff signed it. Dkt. No. 43-1 at 9. It does not bear defense counsel's signature, nor this court's. Id. at 9-10. In his declaration, counsel for the plaintiff states that he executed and returned the agreement "at the request of defense counsel." Dkt. No. 43 at 1. He says that even though defense counsel did not sign the agreement or file it with the court, he had "followed the terms of the Agreement by not disclosing documents designated by MSOE as 'confidential.'" Id.

I. **Defendant's Motion for Leave to Seal Exhibits to the Declaration of Denise Greathouse in Support of MSOE's Motion for Summary Judgment (Dkt. No. 32)**

The motion asks the court for leave to "seal" "Exhibits 4, 5, 9, 10, 11, 14, 15, 16, 17, 18, 20, 22, 29, 31, 42, 44, 45, 46, 47 and 50 – 60 to the Declaration of Denise Greathouse in Support of MSOE's Motion for Summary

6

Judgment due to their proprietary, confidential donor information, and trade secrets within them." Dkt. No. 32 at 1. The first problem with the motion is that those exhibits are *not* attached to the declaration of Denise Greathouse in support of the defendant's motion for summary judgment. That declaration appears at Dkt. No. 31. It has attached to it Exhibits 1, 2, 3, 6, 7, 8, 12, 13, 19, 21, 23, 24, 25, 26, 27, 28, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 48, 49, 61, 62, 63 and 64. *None* of those exhibits are the exhibits the defendant asked to have restricted.

Instead, the defendant attached the exhibits it asks the court to restrict to a second copy of its brief in support of the motion to restrict. The defendant filed the brief twice—once without the attachments (dkt. no. 33), the second time with the attachments (dkt. no. 34). The court isn't sure why the defendant filed the brief twice. Regardless, the fact that it attached the exhibits to a brief, rather than to the declaration the exhibits purport to support, means that when the court begins analyzing and considering the pleadings, it will have to look in *two* places to find the documents that support the declaration in support of the motion for summary judgment—the declaration itself and its attached exhibits, and the exhibits attached to the second brief in support of the motion to restrict. This makes it highly likely that the court could miss some of the exhibits, because they are not attached to the document they purport to support.

Second, the brief does not contain the detailed analysis of the need for secrecy the Seventh Circuit has described. The defendant says that the lawsuit

involves "confidential and proprietary business and financial information, including trade secrets, donor information, and information regarding investment vehicles and related accounting documents." Dkt. No. 34. It then lists the twenty-nine documents the defendant wants restricted, and labels each one as containing financial information, or containing confidential donor information, or charitable giving strategy. The brief does not explain why it is necessary to keep charitable donor information secret (an issue that is at the heart of the suit), why the "business information" is confidential or proprietary or even what constitutes "business information"—an amorphous term, to say the least. The defendant makes the bald assertion that disclosure would "undermine the protected status of the information and cause personal harm to MSOE and/or others." The court has no way of knowing if this is true, or how it would be.

In glancing through the exhibits the defendant wants the court to restrict, the court sees that some of them already have been redacted. The court can't tell what information was redacted (it appears to be names) and can't figure out why there would be a need to restrict an already-redacted document. The defendant describes one exhibit as a document "[c]oncerning private health information related to a former MSOE employee," dkt. no. 34 at 2, but the exhibit itself is an email authorizing the plaintiff to buy something, dkt. no. 34-3; the court is at a loss as to how this document contains proprietary or confidential information or trade secrets. Nor is it the court's

responsibility to comb through pages and pages of documents and figure out what does and doesn't warrant restriction.

The motion does not comply with General Local Rule 79(d)(4). There is no certification that the movant conferred with opposing counsel to avoid filing the motion or limit the scope of the documents requested. And while the motion states that the documents "were designated 'Confidential' pursuant to the Confidentiality Stipulation, Protective Order and Clawback Agreement signed by Parties," the court has discussed the fact that it has no agreement signed by both parties, and it never issued a protective order.

The court will deny the motion without prejudice and give the defendant the opportunity to provide evidence of the need to restrict.

**II.     Plaintiff's Motion for Leave to Seal Exhibits to the Declaration of Alan Olson in Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 41)**

The plaintiff asks the court to seal Exhibits 1, 3, 5, 7, 9, 17, 23, 24, 26, MSOE000027, MSOE000032, MSOE000037, MSOE000385-MSOE000395 and MSOE000401-MSOE000418 to the declaration of Alan Olson in opposition to the motion for summary judgment. Dkt. No. 41. In his supporting brief, the plaintiff notes, as the court discussed above, that he signed a confidentiality stipulation at the request of the defendant, and that while the defendant didn't sign it or file it with the court, he nonetheless had abided by the agreement not to disclose any documents the defendant had designated confidential. Dkt. No. 42 at 1. He notes, however, that the documents do not appear to contain "protected business, financial, confidential, or trade secret information." <u>Id.</u>

9

Under General Local Rule 79(d)(3), the defendant could have filed a response, providing sufficient facts to demonstrate good cause to restrict the documents. It should have done—some of the documents the plaintiff seeks to restrict are documents the defendant asked to restrict the its first motion. Compare Dkt. No. 40-22 at 1–7 with Dkt. No. 34-6. Even if the court had granted the defendant's motion, it has reason to deny this one, which would have made public documents that the defendant had sought to protect by filing its own motion. The parties could've avoided this absurdity by complying with General Local Rule 79(d)(4) and conferring before either of them filed their motions.

The court will deny the motion but give the defendant twenty-one days to provide sufficient facts to demonstrate that good cause exists.

### III. Defendant's Motion for Leave to Seal Exhibits to the Supplemental Declaration of Denise Greathouse in Support of MSOE's Motion for Summary Judgment (Dkt. No. 50)

After the plaintiff responded to the defense motion for summary judgment, defendant's counsel filed a "supplemental" declaration in support of the motion. Dkt. No. 48. She claimed to attach three exhibits to that declaration; in fact, there are no exhibits attached to the declaration. The defendant also filed this motion to restrict, dkt. no. 50, and attached the exhibits to the motion, dkt. nos. 50-2 to 50-4. Again, the defendant should have attached the exhibits to the supplemental declaration; that is the document they purport to support.

The three exhibits attached to the motion are an already-redacted email, a summary of a meeting and an incident report from the MSOE public safety department (from which the defendant went to the trouble to redact all dates of birth except the plaintiff's). The defendant's supporting brief asserts that the first two exhibits contain confidential donor information and "protected business information," and that the third document contains "private health information related to Plaintiff." Dkt. No. 51 at 2. The defendant again makes the bald assertion that disclosing the information would "undermine the protected status of the information and cause personal harm to MSOE and/or others." Id.

This motion is deficient for the same reasons the defendant's first motion was deficient, and the court will deny it without prejudice. The court also notes that the defendant seeks to restrict the third document, Dkt. No. 50-4, because it contains "private health information." This document isn't a medical record. It describes an incident where the plaintiff apparently passed out or collapsed. If the plaintiff wants the court to restrict that document, he can provide the court with sufficient facts to show good cause to do so.

**IV.  Defendant's Motion to Seal (Dkt. No. 52)**

On April 29, 2019, the defendant moved to amend its answer to add a counterclaim against the plaintiff for theft of trade secrets.[1] Dkt. No. 25. The defendant alleged that the plaintiff improperly obtained a document containing confidential information about the defendant's donors, which the defendant

---

[1] The court has not yet ruled on that motion.

11

indicates is Exhibit 43 to the plaintiff's deposition. Dkt. No. 26 at 1–2. The defendant implies that Exhibit 43 should be treated as a trade secret. Id. at 2, n.1. The plaintiff opposed the motion. Dkt. No. 35. He also filed a motion for sanctions under Fed. R. Civ. P. 11, arguing that the defendant's counterclaim was frivolous because the defendant publicizes its donor list, so it isn't secret. Dkt. Nos. 44; 45 at 3-4. The defendant filed a brief in opposition to the motion for sanctions, dkt. no. 54, along with a declaration from defense counsel, dkt. no. 55. It also filed this motion to restrict its opposition brief and two exhibits to defense counsel's declaration. Dkt. No. 52.

This time, the defendant attached the exhibits it asks the court to restrict to the declaration the exhibits support. The first exhibit the defendant wants the court to restrict—which it calls Exhibit 1—is a sixty-page document which defense counsel indicates in her declaration is the aforementioned Exhibit 43 to the plaintiff's deposition. Dkt. No. 55-2. The second exhibit the defendant wants the court to restrict—Exhibit 3—is a letter defense counsel wrote to counsel for the plaintiff, explaining why the defendant believes Exhibit 43 qualifies as a trade secret under Wisconsin law. Dkt. No. 55-8. Finally, the defendant wants the court to restrict its brief in opposition to the sanctions motion because the brief contains a handful of sentences describing what is in Exhibit 43.

The court will grant the motion to restrict Exhibit 1 (which is Exhibit 43 to the plaintiff's deposition). The court has made no decision about whether the exhibit is, in fact, a trade secret, either under Wisconsin law or under any

other definition. But because that question is part of the parties' dispute, and the court has not yet resolved that dispute, it will restrict the exhibit in an abundance of caution.

The court will deny the motion to restrict as it relates to Exhibit 3 (Dkt. No. 55-8) and the brief opposing the motion for sanctions (Dkt. No. 54). These are legal documents containing case law and authority explaining why the defendant believes the document at issue constitutes a "trade secret," and why it believes the plaintiff's motion is frivolous. The documents contain generic descriptions of what is in Exhibit 43—a donor list. Any party who reads the pleadings in this suit will know that the dispute is, in part, over an allegation that the plaintiff stole donor information that the defendant deemed confidential and is arguing should be treated as a trade secret. It is absurd for the defendant to ask this court to restrict references to the fact that the defendant believes the names and other donor information are confidential.

**V. Conclusion**

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to restrict the exhibits to declaration of Denise Greathouse in support of the defendant's motion for summary judgment. Dkt. No. 32.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to restrict exhibits to Alan Olson's declaration. Dkt. No. 41.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for leave to seal exhibits to the supplemental declaration of Denise Greathouse in support of MSOE's motion for summary judgment. Dkt. No. 50.

The court **ORDERS** that the Clerk of Court must not un-restrict, or disclose for public view, any of the exhibits referenced above for twenty-one (21) days from the date of this order. The court **ORDERS** that any party wishing the court to continue to restrict any of these exhibits beyond that twenty-one-day period must file specific facts showing good cause for restricting within that twenty-one-day period. The court **ORDERS** that if no party files specific facts showing good cause to continue to restrict the exhibits within that twenty-one-day period, the Clerk of Court shall disclose the exhibits to the public on the next business day after the twenty-one-day period has expired.

The court **GRANTS** the defendant's motion to seal to the extent that it asks the court to restrict from public viewing Dkt. Nos. 55-2 through 55-5. Dkt. No. 52. The court **ORDERS** that Dkt. Nos. 55-2 through 55-5 are **RESTRICTED** to viewing by the court and the parties only.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to seal to the extent that it asks the court to restrict from public viewing Dkt. Nos. 55-8 and 54. Dkt. No. 52. The court **ORDERS** that Dkt. Nos. 55-8 and 54 shall be **UNRESTRICTED**

Dated in Milwaukee, Wisconsin this 30th day of March, 2020.

                                             **BY THE COURT:**

                                             HON. PAMELA PEPPER
                                             **Chief United States District Judge**