UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: July 16, 2020
JUDGE: Pamela Pepper
CASE NO: 2018-cv-541
CASE NAME: Edward Fitzpatrick, III v. Milwaukee School of Engineering
NATURE OF HEARING: Motion Hearing
APPEARANCES: Alan Olson – Attorney for the plaintiff
Denise Greathouse – Attorney for the defendant
COURTROOM DEPUTY: Kristine Wrobel
TIME: 9:32 a.m. – 10:47 a.m.

# AUDIO OF THIS HEARING AT DKT. NO. 63

The court explained that it would address three of the four pending motions: the plaintiff's Rule 7(h) expedited, non-dispositive motion for extension of time and motion to compel discovery, dkt. no. 20; the defendant's motion to amend/correct answer to add counterclaim, dkt. no. 25; and the plaintiff's motion for sanctions, dkt. no. 44. The court told the parties that it would separately address the defendant's motion for summary judgment, dkt. no. 28.

Before turning to the motions, the court addressed the defendant's submission to the court in response to its order denying the defendant's motion to seal. Dkt. No. 61. Given the new information the defendant had provided, the court granted the defendant's request to restrict the following documents:

- Exhibit 4 at Dkt. Nos. 34-1 and 43-1
- Exhibits 14-18, MSOE000385-MSOE000395, and MSOE000401-MSOE000418 at Dkt. Nos. 34-6, 34-7, 34-8, 34-9, 34-10, and 40-23
- Exhibit 20 at Dkt. No. 34-11
- Exhibit 45 at Dkt. No. 34-17, except that the court required the defendant to refile the document without the attached memo
- Exhibit 47 at Dkt. No. 34-19

The court denied the defendant's request to seal:

- Exhibit 50/Deposition 1 at Dkt. Nos. 34-20 and 40-2
- Exhibit 51 at Dkt. No. 34-21
- Exhibit 52 at Dkt. No. 32-22
- Pages 12-18 of Exhibit 53 at Dkt. Nos. 34-23 and 40-1 (the court indicated it needed more information regarding pages 19 and 20)

The court then turned to the plaintiff's Rule 7(h) motion to extend time and compel discovery. The court observed that neither party had complied with the local rules. Civ. L.R. 7(h)(2) required the defendant to file its opposition

1

memo within seven days of service of the motion and limited the memo to three pages. The court had received the memo thirteen days after the plaintiff had filed the motion and, although the defendant had not sought leave to file an oversized memorandum, the memo was ten pages long with forty-one pages of attachments. The court struck the response because it did not comply with Civil L.R. 7(h).

As for the plaintiff's motion to compel, Civ. L.R. 37 requires that all motions to compel disclosure or discovery "must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." The rule requires the statement to recite the date and time of the conference or conferences and the names of all participating parties. The plaintiff's counsel had filed a declaration in support of the motion. Dkt. No. 21. The declaration included the dates on which he proposed taking the deposition and the requested stipulation, but counsel did not certify that the parties had attempted to resolve the dispute; he stated only that defense counsel had refused to stipulate to the extension of the discovery deadline. He did not recite the dates or times of the conferences and or the names of the participating parties. The court denied the motion because it did not comply with Civil L.R. 37.

The court briefly discussed the merits of the motion. As for the request for an extension of time, the court opined that it appeared that there was good cause because the defendant allegedly had withheld documents and refused to execute the release form to secure the documents. The court noted, however, that the motion to compel did not clearly identify what the plaintiff wanted from Baker Tilly or the defendant. The plaintiff asked the court to order the defendant to sign the release form to allow third party Baker Tilly to "produce all documents that Baker Tilly exchanged with the [defendant] regarding the Goetsch Trust." Dkt. No. 23 at ¶1. The motion also asked the court to compel Baker Tilly to produce those same documents before the plaintiff deposed Marine. Id. at ¶¶2, 3. The plaintiff did not identify the type of documents it was seeking and it was not clear that all documents in Baker Tilly's possession would require a release form. The plaintiff did not include the proposed release form. The court observed that if the plaintiff was asking the court to modify the *subpoena* issued to Marine (who works at Baker Tilly), he had not said as much or mentioned Rule 45(d)(3), and at any rate, the subpoena attached to the declaration was a subpoena *ad testificandum*, not a subpoena demanding documents. Dkt. No. 21-1. The court indicated that it would circle back to the discovery issues after ruling on the other two motions.

The court then addressed the defendant's motion to amend its answer to add a counterclaim, dkt. no. 24, and the plaintiff's motion for sanctions, dkt. no. 44. The defendant wanted to amend its answer to add a counterclaim for

2

misappropriation of trade secrets under Wis. Stat. §134.90, based on its discovery at the plaintiff's deposition that he had Exhibit 43 (a detailed donor list) in his possession. The plaintiff, arguing that the proposed counterclaim was patently frivolous because the defendant publishes the donor information, moved for sanctions.

The deadline for amending pleadings had expired on August 13, 2018, roughly nine months before the defendant's motion. The court concluded that the defendant had shown good cause for filing its motion after the deadline; it did not discover that the plaintiff had Exhibit 43 until March 15, 2019, eight months after the deadline, when the plaintiff produced it for his deposition, and the court found that the defendant could not have been more diligent in seeking the information.

The court also found that there was no undue delay. Although the motion for summary judgment was now fully briefed, the delay in ruling on the motion to amend was not the fault of the defendant.

The court concluded however, that it would be futile to allow the defendant to amend. After discussing Exhibit 43 in detail and considering how the information in it could be compared to a trade secret, the court found that even if Exhibit 43 constituted a trade secret (or its equivalent), the defendant hadn't adequately alleged that the plaintiff "used" it for any purpose other than this litigation. The defendant had alleged that only that the plaintiff "has solicited at least one of [the defendant]'s donors since his termination," which the defendant implies constitutes an unauthorized "use" of the trade secret. The plaintiff had responded that he did not share the list with anyone or use it for anything.

The defendant's only allegation relating to the plaintiff's use of Exhibit 43 was that the plaintiff "solicited at least one of the defendant's donors since his termination." The statute defines a trade secret as information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons **who can obtain economic value from its disclosure or use**." Wis. Stat. §134.90(1)(c)(1) (emphasis added). The defendant did not allege that the plaintiff used the list to obtain economic value.

For this reason, the court concluded that it would be futile to allow the defendant to amend to add the misappropriate of trade secrets counterclaim and denied the motion. The court made clear, however, that it did not believe that the defendant sought to amend and add the counterclaim in bad faith. It discussed the plaintiff's various inconsistent statements about whether he had any proprietary or private information, both to the defendant at the time he left his employ and during his deposition. The court found that there was a plausible argument that the defendant believed that the plaintiff wasn't giving

3

it the whole story and moved to add the counterclaim to get to the bottom of things.

The court also denied the plaintiff's motion for sanctions. The publicly-published donor list and Exhibit 43 were different. The published donor list was twenty-five pages long, contained only the names of people who consented to be revealed, and only gave a dollar range for their donation. See https://issuu.com/msoe/docs/msoe_donor_report_2017; Dkt. No. 54-1 at 5–6. In contrast, Exhibit 43 was 220 pages long and contained donor names, addresses, contact information, total donation amount, number of times they've donated, how many continuous years they've donated, their last donation, their largest donation, and how they were last contacted. See Dkt. No. 54-1 at 5–6; Dkt. Nos. 55-2, 55-3, 55-4, 55-5. Exhibit 43 also contained information about non-donors and people who donated anonymously, neither of which would appear in the published list cited by the plaintiff. Exhibit 43 likely constituted a trade secret under Wisconsin law, or at least wasn't obviously *not* a trade secret. The plaintiff's argument in favor of sanctions assumed that Exhibit 43 was the same as the published list and was obviously not a trade secret—an incorrect assumption.

The court returned to the outstanding discovery issues. (While it had denied the motion to compel, the issue of whether the plaintiff had all the documents he needed remained.) Defense counsel agreed to coordinate with Baker Tilly regarding the plaintiff's requested search parameters for the production of documents. If the release issue comes up and Baker Tilly refuses to sign the release, the plaintiff may file a Rule 7(h) motion on that issue. Defense counsel reported that the defendant still needs to depose the plaintiff's expert; the plaintiff does not know whether it will need to depose Marine. The parties agreed to work together to coordinate the deposition of the plaintiff's expert.

The court **ORDERS** as follows:

The court **GRANTS** the defendant's request to restrict Exhibit 4 at Dkt. No. 43-1.

The court **GRANTS** the defendant's request to restrict Exhibits 14-18, MSOE000385-MSOE000395, and MSOE000401-MSOE000418 at Dkt. Nos. 34-6, 34-7, 34-8, 34-9, 34-10 and 40-23.

The court **GRANTS** the defendant's request to restrict Exhibit 20 at Dkt. No. 34-11.

The court **GRANTS IN PART** defendant's request to restrict Exhibit 45 at Dkt. No. 34-17; the court **ORDERS** the defendant to refile the document without the attachment.

The court **GRANTS** the defendant's request to restrict Exhibit 47 at Dkt. No. 34-19.

The court **DENIES** the defendant's request to restrict Exhibit 50/Deposition 1 at Dkt. Nos. 34-20 and 40-2.

The court **DENIES** the defendant's request to restrict Exhibit 51 at Dkt. No. 34-21.

The court **DENIES** the defendant's request to restrict Exhibit 52 at Dkt. No. 32-22.

The court **DENIES** the request to restrict pages 12-18 of Exhibit 53 at Dkt. No. 34-23.

The court **DENIES** the plaintiff's motion for extension of time and to compel discovery. Dkt. No. 20.

The court **DENIES** the defendant's motion to amend its answer to add a counterclaim. Dkt. No. 25.

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 44.

The court **ORDERS** that by the end of the day on September 18, 2020, the parties must file a status report regarding the documents from Baker Tilly, the deposition of the plaintiff's expert and the deposition of Marine.

Dated in Milwaukee, Wisconsin this 16th day of July, 2020.

                                                **BY THE COURT:**

                                                _____
                                                **HON. PAMELA PEPPER**
                                                **Chief United States District Judge**